LUNHAM & REEVE, INC. (COLUMBIA RECORDING CORP.), ET AL. v. UNITED STATES

**No. 7067.**—Invoices dated Hayes, England, March 1946, etc.
Certified March 14, 1946, etc.
Entered at New York, N. Y., August 2, 1946, etc.
Entry No. 709453, etc.

(Decided March 21, 1947)

*Jordan & Klingaman* for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

OLIVER, Presiding Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:
(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importers on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.

J. J. GAVIN & CO., INC. (M. COLLART) v. UNITED STATES

**No. 7068.**—Invoice dated Nottingham, England, January 6, 1944.
Certified January 1944.
Entered at New York, N. Y., February 10, 1944.
Entry No. 723666.

(Decided March 21, 1947)

*Barnes, Richardson & Colburn* (*Hadley S. King* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

TILSON, Judge: According to a stipulation of counsel, the issues herein are similar in all material respects to the issues involved in *United States* v. *Pitcairn*, C. A. D. 334, and the record therein has been admitted in evidence herein. This issue is whether or not the amount of a so-called British purchase tax should be included as a part of the dutiable values of the merchandise.

Upon the facts and the law, I find and hold the proper dutiable export values of the merchandise covered by this appeal to be the values found by the appraiser, less any amounts added under duress. Judgment will be rendered accordingly.